UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:03CV-469-R

Thomas Chester MITCHELL                                                                              PETITIONER

v.

William SEABOLD, et al.                                                                               RESPONDENT

## MEMORANDUM OPINION

This matter comes before the Court on the Petitioner Thomas Chester Mitchell's ("Mitchell") Motion for Relief from Judgment (Docket #63) pursuant to Federal Rules of Civil Procedure ("FRCP") 60(b)(1) and (b)(5), requesting relief to vacate a summary judgment entered against him on February 18, 2005. The Respondent, William Seabold ("Seabold") has responded (Docket #64), and the Petitioner has replied (Docket #65). This matter is now ripe for adjudication. For the following reasons, the Petitioner's motion for relief is **DENIED**.

## BACKGROUND

On February 18, 2005 the Court granted the Respondent's Motion for Summary Judgment (Docket #56) as a final and appealable order. Petitioner comes again before the Court this time arguing that he is entitled to a vacation of the summary judgment entered against him. First, Mitchell asserts he is entitled to relief under FRCP 60(b)(1) because he was never given adequate notice of the Respondent's Motion for Summary Judgment. Lastly, Mitchell claims that he should be granted relief pursuant to FRCP 60(b)(5) because a prior judgment upon which the Court based its decision has been reversed or vacated.

## STANDARD

FRCP 60(b)(1) allows relief from a final judgment for a petitioner when he/she demonstrates "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(5) permits the Court to provide relief from final judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

## DISCUSSION

The Petitioner has requested relief from final judgment on two grounds, and the Court will address each of these separately.

### *FRCP 60(b)(1)...*

The Petitioner asserts that he was never given adequate notice of the Respondent's Motion for Summary Judgment. However, the court record indicates that the report was filed with the Court on December 8, 2008, and that the Petitioner filed his seven (7) page objection to that report on January 19, 2005. The Court adopted the report after conducting a *de novo* review of those objections and granted the Respondent's Motion for Summary Judgment. Therefore, the Court finds that the Petitioner had adequate notice pursuant to FRCP 60(b)(1).

### *FRCP 60(b)(5)...*

The Petitioner also alleges that a prior judgment upon which the Court based its decision has since been reversed or vacated. The Petitioner had filed a law suit in Kentucky state court that had initially been dismissed by the trial court for failure to state a claim. However, the Kentucky Court of Appeals reversed that dismissal (2005 WL 327111 (Ky. App.)). Despite the decision by the Kentucky Court of Appeals, the judgment entered by the Court that granted the Respondent's Motion for Summary Judgment did not rely on the state court dismissal in

concluding that Seabold was entitled to summary judgment. In order for the reversal to warrant a relief from judgment it would have had to influence the decision by the Court in its initial holding, which it did not in the instant matter. Therefore, this Court finds that the reversal by the Kentucky Court of Appeals of a prior judgment does not entitle the Petitioner to relief from the final judgment in this matter.

## CONCLUSION

For the foregoing reasons, the Petitioner's motion is **DENIED**.

An appropriate order shall issue.